IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARLITE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 5:11-CV-00871 |
| | ) | |
| vs. | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| PROTEK SYSTEMS INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

_____

CONSENT JUDGMENT ENTRY
_____

Pursuant to the settlement reached in this case, the terms of which have been memorialized in a Settlement and Release Agreement executed by the parties, the parties hereto consent to the entry of judgment in favor of Plaintiff Marlite, Inc. and against Defendants ProTek Systems Inc., Defendants ProTek Systems of Florida, Inc. and Wall Protection Systems, Inc. and it is therefore ORDERED that:

(1) The Court enters a permanent injunction pursuant to 15 U.S.C. §1116 and Ohio Rev. Code §4165.03, enjoining and restraining Defendants and their affiliates, representatives, servants, employees and all persons in active concert, privity or participation with Defendants, of and from:

a) Using, in any manner, the Marlite marks, the Artizan™ and Envue™ marks, Marlite's product instructions, Marlite's product numbers, photos of Marlite's products, or any other information related to Marlite's products;

b) Using any other mark which so resembles the Marlite marks or the Artizan™ and

{00136658}

Envue™ marks as to be likely to cause confusion, deception or mistake, on or in connection with any goods and/or services;

c) Passing off, inducing or enabling others to offer goods and/or services or pass off goods and/or services as being rendered by Defendants which are, in fact, Plaintiff's goods and/or services;

d) Committing any acts, including use of the Marlite marks or the Artizan™ and Envue™ marks, calculated to cause purchasers to believe that the goods and/or services offered by Defendants are sold under the control and supervision of Plaintiff, are sponsored or approved or connected with Plaintiff, are guaranteed by Plaintiff, and/or are rendered under the control and supervision of Plaintiff;

e) Diluting or infringing on Plaintiff's registered and common law marks and damaging Plaintiff's goodwill;

f) Selling or offering to sell any goods and/or services under Plaintiff's registered or common law marks, or any other distinctive design or trademark confusingly similar thereto;

g) Otherwise infringing on Plaintiff's trademarks;

h) Competing unfairly with Plaintiff;

i) Falsely designating the origin of Defendants' products and services as in any way being related or affiliated with Plaintiff; and

j) Engaging in deceptive trade practices in violation of Ohio and Federal law to the detriment, or threatened detriment, of Plaintiff;

(2) Defendants are ordered to cease and desist any and all use of the Marlite marks, the Artizan™ and Envue™ marks, Marlite's product instructions, Marlite's product numbers,

{00136658}

photos of Marlite's products, or any other information related to Marlite's products on Defendants' website, brochures, advertising and promotional materials, and other material in Defendants' possession;

(3) Defendants are ordered to destroy any and all advertising and promotional materials, brochures, product literature and website content that contains, refers to, or otherwise identifies the Marlite marks, the Artizan™ and Envue™ marks, Marlite's production instructions, Marlite's product numbers, photos of Marlite's products, or Marlite's products;

(4) Defendants are ordered to provide Plaintiff, through its attorney, a verified accounting of all sales of their infringing products, their production costs and expenses and their profits on sales of infringing products; and

(5) Defendants are ordered to indemnify Plaintiff from any claims brought against Plaintiff for negligence, debts, or other breaches of any duty owed by Defendants to any person who was confused as to an association between Plaintiff and Defendants as alleged in the Complaint.

IT IS SO ORDERED.

Date: 10/13/11             /s/ John R. Adams
                           _____
                           John R. Adams, Judge

{00136658}

CONSENTED:


/s/ Angela M. Lavin
Peter A. Hessler (Ohio Bar No. 0005594)
Bruce E. Peacock (Ohio Bar No. 0039886)
Angela M. Lavin (Ohio Bar No. 0069604)
WEGMAN, HESSLER & VANDERBURG
6055 Rockside Woods Blvd., #200
Cleveland, Ohio 44131
Tel: (216) 642-3342 / Fax: (216) 520-0145
Email: PAHessler@wegmanlaw.com
    BEPeacock@wegmanlaw.com
    AMLavin@wegmanlaw.com

*Attorneys for Plaintiff Marlite, Inc.*



/s/ Peter Turner
Peter Turner (Ohio Bar No. 0028444)
Meyers, Roman, Friedberg & Lewis
28601 Chagrin Blvd., Suite 500
Cleveland, Ohio 44122
Phone: 216-831-0042
Facsimile: 216-831-0542
Email: pturner@meyersroman.com

*Attorney for Defendants ProTek Systems Inc.,*
*ProTek Systems of Florida Inc. and*
*Wall Protection Systems, Inc.*

{00136658}